IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2013

**STATE OF TENNESSEE v. ALEX W. GIBSON**

**Appeal from the Criminal Court for Sullivan County**
**Nos. S60,915 & S60,916      Robert H. Montgomery, Judge**

**No. E2013-01023-CCA-R3-CD - Filed January 24, 2014**

Pursuant to his guilty-pleaded convictions, appellant, Alex Wayne Gibson, was sentenced to four years, suspended to probation, for aggravated burglary and several misdemeanor charges. A probation violation warrant was issued that alleged several technical violations as well as a failed drug screen. Following a probation revocation hearing, the trial court revoked appellant's probation and ordered execution of the four-year sentence. It is from this order that he now appeals. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROGER A. PAGE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and NORMA MCGEE OGLE, J., joined.

Stephen M. Wallace, District Public Defender; and Steven D. Bagby, Assistant District Public Defender, Blountville, Tennessee, for the appellant, Alex W. Gibson.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Senior Counsel; Barry Staubus, District Attorney General; and Kaylin Render, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

I. Facts

In January 2013, appellant entered guilty pleas and received the following concurrent sentences: public intoxication, thirty days; two counts of domestic assault, eleven months, twenty-nine days each; false imprisonment, eleven months, twenty-nine days; criminal impersonation, six months; possession of drug paraphernalia, eleven months, twenty-nine days; and aggravated burglary, four years. His effective four-year sentence was suspended,

and he was placed on probation beginning February 25, 2013. Appellant completed the necessary paperwork with the probation office on March 18, 2013, as evidenced by his signature acknowledging the rules of supervised probation.

The probation office submitted a violation of probation warrant on April 1, 2013, alleging the following infractions: (1) for three consecutive nights, appellant failed to reside at his mother's home as instructed and, instead, stayed at the home of his girlfriend; (2) appellant failed to appear at a meeting to enter into an agreement for payment of court costs; (3) appellant failed to appear for a meeting with the probation officer to perform a risk and needs assessment; (4) appellant failed to attend the Courage to Change class for two weeks; and (5) appellant tested positive for marijuana, benzodiazepines, Subutex, and Suboxone.

The trial court held a hearing on the probation violation warrant on April 9, 2013. At the hearing, appellant admitted the violations of probation and proceeded to the dispositional phase of the hearing. At that point, appellant testified that he spent four days at Woodridge,[1] and upon leaving, he spent three nights at his girlfriend's home without approval from his probation officer. He said that her home was very close to his mother's home, where he was supposed to reside, and that he did not garner any new criminal offenses while at his girlfriend's home.

With regard to his failure to attend the meeting to create a schedule for payment of court costs, appellant stated that because he did not have a driver's license, he had to arrange transportation for himself. He was not able to find transportation for the meeting with the district attorney's office, but he attempted to call and reschedule the meeting.

Petitioner stated that with regard to his failure to appear at the probation office for a risk assessment, he was again unable to obtain transportation for his appointment at 11:30 a.m. on March 28 but that he arrived later in the day and was able to meet with the probation officer. He also testified that he missed two classes in the Courage to Change series that he was ordered to attend but that one could miss three classes before being terminated from the class. Petitioner could offer no explanation for the positive drug test for marijuana, but he stated that during his stay at Woodridge, he was prescribed medications and could provide a list of those drugs that might have still been in his system.

Petitioner testified that he had been offered a job working with someone who remodeled homes and that his prospective employer would provide him transportation to and

---

[1] Although the record does not clarify, we glean from the context and the geographical area of the State that petitioner was referring to Woodridge Hospital in Johnson City, Tennessee.

from work. He also stated that his sister had just returned to the area and that she would be a good source of support in transporting him to appointments as needed.

At the close of the proof, the trial court revoked appellant's probation and ordered execution of his sentence. This appeal follows.

## II. Analysis

Appellant's argument is two-fold: (1) he did not have notice of the conduct that was prohibited by the probation office; and (2) he did not have sufficient time from the date of his release from incarceration to the time of the probation violation within which to comport his conduct to the requirements of probation.

### A. Standard of Review

The revocation of a suspended sentence rests in the sound discretion of the trial judge. *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). In determining whether to revoke probation, it is not necessary that the trial judge find that a violation of the terms of the probation has occurred beyond a reasonable doubt. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). If the trial court finds by a preponderance of the evidence that the defendant has violated the conditions of probation, the court is granted the authority to: (1) order confinement; (2) order execution of the sentence as originally entered; (3) return the defendant to probation on appropriate modified conditions; or (4) extend the defendant's probationary period by up to two years. Tenn. Code Ann. §§ 40-35-308(a), -308(c), -310, -311(e)(1); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The appellate standard of review of a probation revocation is abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010) (citing *State v. Jordan*, 325 S.W.3d 1, 38-40 (Tenn. 2010)). In the context of probation revocations, for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Shaffer*, 45 S.W.3d at 554; *see also State v. Pamela J. Booker*, No. E2012-00809-CCA-R3-CD, 2012 WL 6632817, at *2 (Tenn. Crim. App. Dec. 19, 2012).

## B. Notice

Appellant argues that the State presented no evidence that he was given notice of the "noncriminal" prohibited conduct associated with supervised probation. The record contradicts this assertion. It reflects that appellant signed the order of supervision that set forth the rules of probation. When specifically questioned about each of the violations at the probation revocation hearing, appellant admitted his guilt. He did not assert that he was unaware of the conditions. Moreover, with regard to criminal conduct, appellant obviously should have known that smoking marijuana would be prohibited. Appellant may not assert one ground for relief in the trial court and then pursue a new or different theory on appeal. *State v. Adkisson*, 899 S.W.2d 626, 634-35 (Tenn. Crim. App. 1994). Appellant is not entitled to relief on this claim.

## C. Sufficient Time

It appears from the record that appellant was released from imprisonment pursuant to a four-year suspended sentence on February 25, 2013. On March 18, 2013, he signed the supervised probation order. Three days later, on March 21, 2013, appellant missed his first scheduled appointment, which was a meeting with the district attorney's office to set a schedule for payment of court costs. That same day, he missed a session of the Courage to Change classes that he had been ordered to attend. On March 28, 2013, he again missed a Courage to Change session and failed to appear for a meeting with the probation officer to perform a risk and needs assessment. When he arrived at the probation office later that day, he submitted to a drug screen and tested positive for marijuana, benzodiazepines, Subutex, and Suboxone. On the same day, the probation officer spoke with appellant's mother, who stated that he had been admitted to Woodridge Hospital for four days and that upon his release, he had been residing at the home of his girlfriend.

This court is not without empathy toward appellant's plight. He testified that he did not have a valid driver's license and had to rely on others for transportation. However, his inability to secure transportation within a relatively short period of time does not excuse his failure to contact the probation office to advise them accordingly. In addition, the requirement that appellant reside with his mother placed no constraint on his time in terms of planning; in other words, it did not take any amount of time or coordination with others for him to comply with this requirement. Yet, after leaving Woodridge Hospital, he did not return to his mother's home but, instead, resided with his girlfriend. In addition, appellant could have immediately begun to comply with the requirement that he not use illegal drugs; however, he admitted to smoking marijuana. The trial court did not abuse its discretion when it revoked appellant's probation in this matter.

## CONCLUSION

Based upon the briefs of the parties, the entire record, and the applicable case law, we affirm the judgment of the trial court.

_____
ROGER A. PAGE, JUDGE